UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:14-CV-00007-TBR

MERIDIAN INSURANCE COMPANY                                                    Plaintiff

v.

STEVEN S. SCHNEIDERMAN; JEAN SCHNEIDERMAN;
STEVEN A. SCHNEIDERMAN; JEANICE H. HAMILTON and
MARVIN E. HAMILTON,                                                           Defendants

AND

STEVEN S. SCHNEIDERMAN; JEAN SCHNEIDERMAN;                                    Plaintiffs
and STEVEN A. SCHNEIDERMAN

vs.

STATE AUTO PROPERTY & CASUALTY INSURANCE                                      Defendants
COMPANY; STATE AUTOMOBILE MUTUAL INSURANCE
COMPANT; and MERIDIAN SECURITY INSURANCE
COMPANY

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants State Auto Property & Casualty Insurance Company and State Automobile Mutual Insurance Co.'s Motion for Summary Judgment. (Docket No. 53). Plaintiffs Jean Schneiderman, Steven S. Schneiderman, and Steven A. Schneiderman have responded, (Docket No. 58), as have Defendants and Counter Claimants Jeanice H. Hamilton and Marvin E. Hamilton, (Docket No. 59). Defendants State Auto Property & Casualty Insurance Company and State Automobile Mutual Insurance Co. have replied. (Docket No. 62; Docket No. 63). This matter is now fully briefed and ripe for adjudication. For the following reasons, the Court will **DENY** Defendants' Motion for Summary Judgment.

### BACKGROUND

This litigation centers around a motor vehicle accident that occurred on January 4, 2013. Sam Schneiderman ("Sam"), driving a Grand Marquis, collided into a vehicle carrying Jeanice and Marvin Hamilton, causing injuries and damage. At the time of accident, there were two insurance policies in place - one issued to Steven and Jean Schneiderman and one to Sam. Generally at issue in this litigation is which insurance policy will apply. However, at issue in this Motion for Summary Judgment is only whether either of the State Auto entities issued either of the policies or "had anything to do with them." (Docket No. 53).

Prior to the accident, the Grand Marquis was insured under what the State Farm entities describe as a Meridian insurance policy held by Steven and Jean Schneiderman. *Id*. In December of 2012, Steven Schneiderman ("Steven") acquired a RAV4 and insured the Grand Marquis for Sam Schneiderman, his son. However, Steven did not actually transfer the title for the Grand Marquis. (Schneiderman Depo. at 14). In 2009, a Progressive Insurance Policy was issued through Haverstock Insurance Agency to Sam. *Id*. In May of 2010, that policy was cancelled and converted to a Meridian policy. However, there is confusion and disagreement as to whether any of the policies were issued by or involved with the State Auto entities.

## STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co*., 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether

the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## DISCUSSION

State Auto Property & Casualty Insurance Company and State Automobile Mutual Insurance Company (collectively, the "State Auto entities") bring this Motion for Summary Judgment, alleging that neither of the State Auto entities issued or administered the policy that the Schneidermans have sued based on, and that there is no reason for State Auto entities to be parties to this litigation. (Docket No. 53). Further, the State Farm entities allege that they attempted to resolve this issue but that the Schneidermans rejected their good faith negotiations; thus, they request attorney's fees in accordance with Fed. R. Civ. P. 54. Id.

The State Auto entities produced the affidavit of Greg Fetcho, ("Fetcho"), the General Adjuster of State Auto Insurance Companies. (Docket No. 54). Fetcho states that he has "personal knowledge of the business structure and daily operations of State Auto Property & Casualty Insurance Company, State Automobile Mutual Insurance Company, and Meridian Security Insurance Company, including contractual relationships by and between the same." *Id.* Further, Fetcho states that "Meridian Security Insurance Company, State Auto Property &

3

Casualty Insurance Company, and State Automobile Mutual Insurance Company are each insurance agencies owned by and affiliated with State Auto Insurance Companies. However, each such entity is an independent insurance agency having the autonomous right to issue and administer insurance policies." *Id*. Fetcho concludes that Meridian insurance provided the coverage here, and that the State Auto entities did not issue or administer the policy.

The Schneidermans' response notes that the State Auto emblem and logo is affixed to the front page of each insurance document. (Docket No. 58; Docket No. 59-3; Docket No. 59-4). Further, the Schneidermans point to the deposition of Megan Haverstock, ("Haverstock"), an employee of Haverstock Insurance Agency who handled the Schneidermans' insurance policies. (Docket No. 59-2). In her deposition, Haverstock refers to the policies as State Auto policies. *Id.* The State Auto entities state in a footnote that Haverstock "errantly" called it a State Auto policy. (Docket No. 53). The Hamiltons' response also notes the presence of the logo and points to Haverstock's deposition, as well as Haverstock being referred to as an agent of State Auto. (Docket No. 59; Docket No. 59-2). The Hamiltons produce bills that state, "Your State Auto Companies Auto Policy has been discounted as shown below . . . ." (Docket No. 59). Finally, they state that more discovery is needed to resolve this issue. *Id.*

The standard for granting summary judgment directs the Court to take facts in the light most favorable to the non-moving party. While the State Auto entities provide a deposition stating that they are not responsible for the insurance policy or policies at issue, the presence of the State Auto emblem and descriptive name on these insurance documents, combined with the deposition testimony of Megan Haverstock, leave a factual question regarding whether the State Auto entities were involved in issuing this policy. Thus, summary judgment is denied.

## CONCLUSION

For these reasons, and consistent with the Court's conclusions above,

IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment, (Docket No. 53), is **DENIED**.